[No. 24769. Department One. January 2, 1934.]

ROY T. LARSON, *Respondent,* v. THE CIVIL SERVICE COMMISSION OF THE CITY OF EVERETT *et al., Appellants.*[1]

[1]Reported in 28 P. (2d) 289.

688

J. Y. Kennedy and S. J. Brooks, for appellants.
A. E. Dailey, for respondent.

Millard, J.—On November 29, 1932, Roy T. Larson, an employee of the fire department of the city of Everett, was suspended by the chief of the fire department for conduct unbecoming an officer. On December 3, 1932, the chief of the fire department filed with the civil service commission of the city a written statement reciting his reasons for the removal, as required by the city charter. Hearing, timely had before the civil service commission, upon Larson's appeal, resulted in a decision in which the civil service commission confirmed and sustained the action of the chief of the fire department.

The superior court found, in its review of the order of suspension and the confirmatory order of the civil service commission, that, under the charter, only the commissioner of public safety of the city had author-

ity to suspend a civil service employee of the department of safety. The court concluded that the attempted suspension of Larson, by the chief of the fire department, "was illegal and void," and that the civil service commission was without jurisdiction to enter the confirmatory order. Judgment was entered setting aside the suspension and discharge of Larson, and Larson was ordered reinstated according to his civil service rating as a fireman of the Everett fire department. From that judgment, the defendants have appealed.

The only assignment of substantial merit is the one that presents for determination the question whether the commissioner of public safety is the only official authorized to suspend a civil service employee of one of the departments or subdivisions included within the department of safety.

Counsel for appellants argue that, under Art. IV, § 67, of the charter, in which "is found a more definite and positive instruction concerning the removal of an employee under civil service rules," the chief of the fire department was vested, as the head of the department in which the respondent was employed, with authority to suspend the respondent. It is further insisted in support of appellants' position that, acting under the powers vested in it by the charter (City Charter, Art. IV, § 22) and by the general law (Ch. 116, Laws of 1911, p. 528, § 11, Rem. Rev. Stat., § 9100), the city council passed ordinance No. 1442 (as now amended, the ordinance number is 2516) which prescribed the powers and duties of officers and employees of the city, and provided that the chief of the fire department shall be the administrative head of the fire department.

Obedient to the constitutional mandate (Art. 11, § 10, state constitution), the legislature, by general

laws, provided for the incorporation and organization of corporations for municipal purposes. Pursuant to the provisions of chapter 116, Laws of 1911, p. 521 (Rem. Rev. Stat., §9090 *et seq.*), to which the city charter is subject, and by which it is controlled, Everett, a city of the first class, adopted the commission form of government. Under its charter, adopted April 16, 1912, Everett has three commissioners who constitute its city council. Each of the commissioners is the head of one of the three executive and administrative departments of the city. The department of safety includes three lesser divisions denominated "police department, fire department and health department." Section 23, Art. IV of the city charter provides that, subject to the provisions of the charter and to such regulations as may be prescribed by the city council, "the commissioner in charge of each department shall have the supervision and control of all affairs and property which belong to his department."

The civil service commission, created under the provisions of Art. VIII, § 64, of the charter, is required by Art. VIII, § 66, of the charter to provide for the classification of all employees except day laborers and certain appointive officers. The commission shall also provide

"  . . .  for open, competitive and full examinations as to fitness; for an eligibility list from which vacancies shall be filled; for a period of probation before employment is made permanent; and for promotion on the basis of merit, experience and record."

Each commissioner of the three administrative and executive departments is authorized by Art. IV, § 25, of the charter to appoint and remove the administrative heads of all subdivisions in his department.

The court's attention is directed by appellants to ordinance No. 1442 (No. 2516, as now amended) which

provides that "the Chief of the Fire Department shall be the administrative head of the department." The declared purpose of that ordinance is to fix the number and designation of the permanent assistants, deputies and employees "in the various offices and departments of the city." The number and designation of the officers and assistants in the fire department (a division of the department of safety) are fixed by § 7 of the ordinance. The ordinance provides that, unless otherwise provided by the city charter, the officers and assistants in the department of safety shall be appointed by the commissioner of public safety. "Such appointments shall be made in the manner provided by the Civil Service regulations of the City of Everett." A civil service employee

" . . . may be suspended by the head of the department under which he is employed. . . The officer making the order shall forthwith file with the Civil Service Commission a statement of the suspension and the reason therefor." City Charter, Art. IV, § 67.

The section (Rem. Rev. Stat., § 9100) of the statute conferring powers which may be exercised by municipal corporations under the commission form of government, and the section of the charter distributing those powers among the three executive and administrative departments of the city, do not differ in any essential particular.

"Cities organized under the provisions of this act shall have all the powers which cities of the second class now have, or hereafter may have conferred upon them; all which said powers shall inhere in and be exercised by the commission provided for in this act. The executive and administrative powers, authority and duties in such cities under commission, shall be distributed into and among three departments, as follows:

"I. Department of public safety.

"II. Department of finance and accounting.

"III. Department of streets and public improvements.

"The commission shall determine by ordinance the powers and duties to be performed in each department; shall prescribe the powers and duties of officers and employees; may assign particular officers and employees to one or more of the departments; may require an officer or employee to perform duties in two or more departments, and may make such other rules and regulations as they may deem necessary or proper for the efficient and economical conduct of the business of the city." Rem. Rev. Stat., § 9100.

The provisions of the charter of the city of Everett, and of ordinance No. 2516, to which appellants direct our attention, read as follows:

"Article IV.—Administration of City Affairs—Sec. 22: Executive and Administrative Departments:

"(a) The executive and administrative powers, authorities and duties, not otherwise provided for herein, shall be distributed among three departments as follows: Department of finance, department of safety, department of public works; provided, that whenever the number of commissioners shall be five, departments may be otherwise created by ordinance.

"(b) The department of finance shall include the office of clerk and treasurer.

"(c) The department of safety shall include the police department, fire department and health department.

"(d) The department of public works shall include the engineering department, the street and sewer department, the city electrician, the plumbing inspector, the employment office, and the harbor master and port warden.

"(e) The council may, by unanimous vote, transfer one or more of the minor sub-divisions from the department provided by the Charter to such other department as it may elect. Such change shall be effec-

tive only to the end of the term of the council then serving or until revoked by it.

"(f) The council shall have power to create and discontinue all other offices and employments from time to time, as occasion may require, but the appointment and removal of persons filling such offices and employments shall be as hereinafter provided.

"(g) The council shall have authority to assign to any department any minor office or department not herein expressly assigned.

"Sec. 23. Departments—Supervision: The commissioner in charge of each department shall have the supervision and control of all affairs and property which belong to his department, subject to the provisions of this Charter and to such regulations as may be prescribed by the council.

"Sec. 24. Officers—Power of Council Over: The Council after each general election, shall appoint a clerk, a city attorney, a treasurer and a city engineer: The council may remove any of said appointees at any time.

"Sec. 25. Offices—Appointment and Removal of Heads of Sub-Divisions: Each commissioner shall have the power to appoint and remove the administrative heads of all sub-divisions in his department except as otherwise provided in this Charter; provided, however, that the head of any sub-division shall not be deprived by such removal of the standing under the civil service provisions of this Charter, which he may have had before his appointment as head of such subdivision. . . .

"Article VIII, Civil Service—Sec. 64. Commission —Creation of: There is hereby established a civil service commission which shall consist of three members, who shall be appointed by the council and shall serve without compensation and whose term of office shall be for six years, except as herein provided. The council first elected under this charter, as soon as practicable after its election, shall appoint one member of said commission to serve for two years, one member to serve for four years and one member to serve for six years. . . .

694

"Sec. 66. Commission—Powers: (a) The commission shall provide for the classification of all employees except day laborers and the appointive officers mentioned in the previous sections of this charter; for open, competitive and free examinations as to fitness; for an eligibility list from which vacancies shall be filled; for a period of probation before employment is made permanent; and for promotion on the basis of merit, experience and record.

"(b) Employees within the scope of this article who are in office at the time of the adoption of this Charter shall retain their positions, unless removed for cause.

"(c) The council may, by ordinance, confer upon the commission such further rights and duties as may be deemed necessary to enforce and carry out the principles of this article.

"Sec. 67. Removals: An employee may be suspended by the head of the department under which he is employed and thereupon his compensation shall cease. The officer making the order shall forthwith file with the civil service commission a statement of the suspension and the reasons therefor. Within ten days after his suspension, the employee so suspended may file an appeal with the civil service commission. The commission shall thereupon cause notice of the time and place when and where a hearing on said appeal will be had, which hearing shall be within ten days after such appeal shall have been taken. The commission shall cause written notice of the time and place when and where such hearing shall be had to be served on such employee at least two days before the hearing. All such hearings shall be public. The commission shall render its decision in writing within five days after such hearing, and such decision shall be final.

"Sec. 68. Commission—Rules and Regulations: The commission shall have power to make rules and regulations for the conduct of its business."

"Ordinance No. 2516—Section 3: That Section 7 of Ordinance No. 2483 be amended so as to read as follows, to-wit:

"Section 7. There shall be the following named officers and assistants in the Fire Department, to-wit: Chief of Fire Department, Assistant Chief of Fire Department, Second Assistant Chief of Fire Department, Secretary, Superintendent of Fire and Police Signal System, Assistant Superintendent of Fire and Police Signal System, Master Mechanic, Assistant Master Mechanic, six Captains, twelve auto drivers, three fire alarm operators, thirteen first grade pipemen and one second grade pipeman. The Chief of the Fire Department shall be the administrative head of the department. It shall be the duty of the assistants in said Department to perform the duties indicated by the name of their employment, and such other duties as the chief of the fire department or the Commissioner of Public Safety may authorize and direct."

In the absence of a statute to the contrary—we know of none—the method prescribed by the charter and ordinance respecting the appointment, suspension and removal of officers and employees of the city, is exclusive and must be observed.

Section 25, Art. IV of the charter confers upon each commissioner the power to appoint the administrative heads of all subdivisions in his department. The same charter provision empowers the commissioner to remove the administrative heads of subdivisions in his department. This power of removal is subject to the qualification that, if the head of the subdivision is a civil service employee, such removal shall not deprive him of the civil service standing he had prior to his appointment as head of such subdivision. In the absence of statutory, charter or ordinance provision to the contrary, the commissioner of the department of safety would have, as an incident of the power to appoint, the power to remove the administrative heads (chief of the police department, chief of the fire department and the head of the health department) of the subdivisions of the department of safety. And

the power of suspension is an incident of the power of removal.

By § 25, *supra,* the commissioner was vested with absolute power in the matter of appointment of the administrative heads of the departments or subdivisions under his supervision. The commissioner was vested with absolute power in the matter of the removal of the administrative heads of the subdivisions in his department, if the administrative head sought to be removed did not have civil service standing prior to his appointment as head of the subdivision. If a civil service employee had been promoted to the position of administrative head of a subdivision, he could be demoted or removed from the position, but he

". . . shall not be deprived by such removal of the standing under the civil service provisions of this charter, which he may have had before his appointment as head of such subdivision."

All employees, except day laborers and the appointive officers mentioned above, are appointed from the civil service eligibility list as prescribed by Art. VIII, § 66, of the city charter. A civil service employee

". . . may be suspended by the head of the department under which he is employed. . . The officer making the order shall forthwith file with the civil service commission a statement of the suspension and the reasons therefor." City Charter, Art. VIII, § 67.

If, on appeal to the civil service commission, the order of suspension is sustained, the employee is removed from the service of the city.

The statute (Rem. Rev. Stat., § 9100) and Art. IV, § 22, of the city charter, provide for the distribution of executive and administrative powers, authority and duties among three departments, namely, finance, safety and public works. Each of the three city com-

missioners is the head of one of the three departments. The word "department," as used for convenience's sake in subdivisions (c) and (d) of § 22, Art. IV of the city charter, refers to a lesser division—a subdivision of one of the three executive and administrative departments of the city. The police "department," the fire "department" and the health "department" are subdivisions of the department of safety. The chief of the fire "department" is the administrative head of the fire "department," which, as stated above, is a subdivision of the department of safety.

The phrase "head of the department under which he is employed" (Art. VIII, § 67, City Charter) means the head of one of the three executive and administrative departments of the city. The language can not reasonably be interpreted to mean the chief of the fire "department" or the administrative head of one of the subdivisions of the department of safety. Members of the fire department, members of the police department, and employees of the health department, are employed in a division of the department of safety, it is true, but they are employed in the department of safety.

Section 169, Revised Statutes of the United States, provides that each head of a department is authorized to employ, in his department, clerks, messengers, watchmen, etc. In addressing itself to the phrase "head of a department," the United States supreme court, in *Burnap v. U. S.*, 252 U. S. 512, said that the term "head of a department" meant, in that connection, the secretary in charge of a division of the executive branch of the government, like the state, treasury and war; that the term did not include heads of bureaus or lesser divisions; and that persons employed in a bureau or division of a department are as much employees in the department within the meaning of

the statutes as clerks or messengers rendering service under the immediate supervision of the secretary.

Ordinance No. 2516 does no more than provide for the organization of a subdivision of the major department of public safety. By that ordinance, the chief of the fire department was constituted the head of a subdivision (fire department), and he was not thereby empowered as the "head of the department" to suspend anyone employed in his subdivision.

We can not agree with the contention of the appellants that the language of Art. VIII, § 67, of the charter, "that an employee may be suspended by the head of the department under which he is employed," vested the chief of the fire department with the power of suspension because the section failed to read that the commissioner, as the head of the department of safety, shall make the suspension. As the trial court aptly said:

"Now, no more does this language say that suspension shall be by the head of the subdivision or by the administrative head of the fire department, and the argument while pertinent is not convincing."

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and STEINERT, JJ., concur.