[No. 5741–1. Division One. October 30, 1978.]

KING COUNTY, ET AL, *Respondents,* v. ARLINGTON W. CARTER, JR., ET AL, *Respondents,* WELLS VAN STEENBERGH, *Appellant.*

*Carroll, Rindal, Kennedy & Schuck* and *James E. Kennedy,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Richard W. Elliott, Deputy,* for respondents.

CALLOW, J.—The appellant, Wells Van Steenbergh, was discharged from his employment with King County following a suspension. He requested a hearing before the King County Personnel Board, which entered an order reducing his termination to a 2–week suspension. The County then petitioned for a writ of certiorari to review the Personnel Board's order, naming as respondents the three members of the King County Personnel Board who had heard the employee's appeal. The employee intervened and the trial court, following a hearing, reversed the order of the board and upheld the termination of the employee.

The real parties in interest are the employer, King County, and the employee, Van Steenbergh. The undisputed facts are set forth in the Personnel Board's findings, conclusions and order dated October 9, 1975, and the addendum dated October 8, 1975, as follows:

FINDINGS OF FACT

1. Wells Van Steenbergh was employed by King County from August 20, 1973 to April 18, 1975 as a tax collector in the King County Comptroller Division Personal Property Tax Section.

2. On April 18, 1975 Mr. Van Steenbergh was given a four page memorandum dated that same date which stated detailed reasons for suspending Mr. Van Steenbergh for a period of two weeks commencing April 21, 1975.

3. Thereafter the County, through Mr. C. Bland, mailed to Mr. Van Steenberg[h] a Memorandum dated May 2, 1975, which notified him as follows:

"This is to advise you that you are suspended indefinitely pending further investigation of the situation covered in my letter to you of April 18, 1975."

4. Thereafter by letter dated May 13, 1975 addressed to Mr. Wells Van Steenbergh at his home and over the signature of Charles L. Bland, Finance Manager, Mr. Van Steenbergh was notified that he was terminated from employment. That letter states, inter-alia:

"During the period of your suspension from County employment, this office has conducted an investigation into your conduct insofar as your job responsibilities and reporting requirements are concerned . . .

In consideration of the information available to us, this is to advise that your employment with King County is terminated immediately specifically for violating the rules as listed below:

40.20 G. D

To wit: willful falsification of work records."

5. There were no improprieties found in any funds handled by Mr. Van Steenbergh. Errors were found in the records kept by Mr. Van Steenbergh listing his daily activities.

6. During the period of time that Mrs. Colleen Hansen was the supervisor of Mr. Van Steenbergh there was conflicting testimony as to whether she ever conferred with him specifically on any complaints regarding his work with the exception of one occasion three days prior to April 18, 1975.

CONCLUSIONS

1. The evidence produced at the hearing before the Personnel Board shows errors in Mr. Van Steenbergh's handwritten notations of daily work.

2. It is the determination of the Personnel Board that Mr. Van Steenbergh is an appropriate subject for disciplinary action. Had the County deemed more severe discipline was warranted on April 18, 1975, that action should have been taken then, rather than later.

ORDER

Based upon the foregoing the Board orders that Mr. Van Steenbergh be reinstated with full pay from April 18, 1975, less the two (2) week suspension period.

DATED THIS 9th day of October, 1975.

ADDENDUM

During the period of time from receipt of the May 13, 1975 letter and until a few days before the commencement of the hearing before the Personnel Board, Mr. Van Steenbergh made repeated efforts to ascertain the precise complaints the County had against his work as a result of the investigation conducted from April 18th to May 13, 1975. These efforts consisted of personal visits to the Personnel office and to the office of Comptroller, telephonic communications with both offices and written communications with said offices for the purpose of eliciting all matters about which the County had a complaint respecting Mr. Van Steenbergh's work.

Mr. Van Steenbergh specifically requested access to the files involved in any charges against him for the purpose of ascertaining explanation of the complaints raised by the County. Mr. Van Steenbergh was not allowed to inspect any of the County's records referred to but was furnished, at his own expense, copies of county documents which were represented by the county to be all documents that related to the investigation of his work. Those documents are in evidence, included in Exhibits 1 through 13.

Mr. Van Steenbergh relied upon the above communications and material he received from the county as containing all matters complained about in regard to his work up to the date of his termination on May 13, 1975.

DATED THIS 8th day of October, 1975.

On March 2, 1977, the Personnel Board entered and returned to the Superior Court a "clarification and supplemental order" which stated that

it was obvious to the undersigned Members of the Board that the evidence presented by the County at the hearing was essentially that known at the time of the initial two week suspension. No evidence was presented by the County to show that further grounds were uncovered for changing the discipline from two weeks suspension to discharge. The Board was of the opinion that triple jeopardy was the result. If the facts known on April 18, 1975 were such as to justify discharge, then that action should have been taken at the time. In addition, his work record prior to the time of the original suspension was good. It was a result of this situation that the Board considered that although Van Steenbergh was guilty of actions that justified disciplinary action, the County, by its actions, had gone too far by extending the severity of the penalties.

The supplemental order provided that "fairness and justice require that Mr. Van Steenbergh be reinstated with full pay from April 18, 1975, less a period of two (2) weeks suspension previously served." On May 12, 1977, the Superior Court entered its order of vacation, which states:

It is hereby ordered, adjudged and decreed that the decision of the King County Personnel Board, dated 9 October 1975, will be vacated unless the Board certifies to the court by June 13 that the evidence was insufficient to justify termination.

On July 19, 1977, the trial court entered the final order vacating the decision of the King County Personnel Board. This order provides:

It is hereby ordered, adjudged and decreed that the decision of the King County Personnel Board, dated 9 October 1975, was under the law arbitrary and capricious in that such decision was based upon a conclusion that, as a matter of procedure, the county having not terminated intervenor on 18 April 1975, could not thereafter terminate him on 13 May 1975, and such decision is hereby vacated, without cost to either party.

The employee appeals from this order.

The employee questions the power of the personnel manager to appeal the ruling of the Personnel Board to the superior court by way of a writ of certiorari under RCW 7.16. The writ of certiorari is authorized where "an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, . . ." RCW 7.16.040. Thus, the issue is whether the Personnel Board was exercising judicial functions when it decided to reinstate the employee Van Steenbergh. The employee contends that it was not, citing *State ex rel. Hood v. State Personnel Bd.*, 82 Wn.2d 396, 511 P.2d 52 (1973). In *Hood* it was held that the State Personnel Board had not performed a judicial function by considering whether the function performed was one that courts had historically been accustomed to performing and had performed prior to the creation of the administrative body. The court found that prior to the creation of the State Personnel Board, state employees had no civil service rights and could not enforce their grievances in the courts upon being dismissed. It concluded that the Personnel Board did not exercise a judicial function.[1]

*Francisco v. Board of Directors*, 85 Wn.2d 575, 537 P.2d 789 (1975), set forth a 4–part test for making such a determination: (1) whether the court could have been charged in the first instance with the responsibility of making the decisions the administrative body must make; (2) whether the function the administrative agency performs is one that courts historically have been accustomed to performing and had performed prior to the creation of the administrative body; (3) whether the action involves the application of existing law to past or present facts for the purpose of declaring or enforcing liability rather than

---

[1] We note that the statutory basis differs for the disposition of state and county personnel matters. While the state scheme explicitly limits appeals to the employee only, *State Liquor Control Bd. v. State Personnel Bd.*, 88 Wn.2d 368, 561 P.2d 195 (1977), the King County Charter provides in Section 540 that "[t]he decision of the Personnel Board shall be final unless reviewed by a court of competent jurisdiction."

reflecting a response to changing conditions through the enactment of new law of prospective application; and (4) whether the action resembles the ordinary business of courts as opposed to that of legislators or administrators. This test has been reaffirmed by *Standow v. Spokane,* 88 Wn.2d 624, 564 P.2d 1145, *appeal dismissed,* 434 U.S. 992, 54 L. Ed. 2d 487, 98 S. Ct. 626 (1977).

An examination of the functions of the King County Personnel Board in light of these tests reveals: (1) The court could have been charged with the duty of reviewing the county's grounds for dismissal of an employee in the first instance. Had the King County Charter required court review of such a dismissal, a court would have found such activity within the bounds of its competency. (2) Courts had not reviewed the dismissal of county employees prior to the enactment of the King County Charter. *State ex rel. Ford v. King County,* 47 Wn.2d 911, 290 P.2d 465 (1955). (3) The review before the Personnel Board involved the application of existing law to past facts. (4) The hearing clearly resembles the ordinary business of courts. The function performed by the Personnel Board thus is classified as a judicial function under three of the four tests and should be considered to be a judicial function. Superior court review by certiorari pursuant to RCW 7.16 was proper.

Acting under RCW 7.16, a superior court may review King County Personnel Board decisions of a judicial nature to determine if the action taken was arbitrary and capricious, or contrary to law. RCW 7.16.120; *Standow v. Spokane, supra.* The Superior Court was correct in concluding that the Personnel Board acted contrary to law when it based its decision upon the incorrect conclusion that once the County had suspended the employee it could not thereafter dismiss him.

█ Questions of discipline are the responsibility of management. King County ordinance No. 422, § 6(f) (1970); King County Code 3.12.050(f). The King County Council, through ordinance No. 422, § 10(3)(G) (1970), pursuant to

King County Code 3.12.090(3)(g), has delegated to the county executive the responsibility of establishing administrative rules for the career service. These rules deal with discipline, including both suspension and dismissal. They do not indicate that suspension is appropriate only where dismissal is not contemplated. As stated in *Larson v. Civil Serv. Comm'n,* 175 Wash. 687, 695–96, 28 P.2d 289 (1934):

> In the absence of statutory, charter or ordinance provision to the contrary, the commissioner of the department of safety would have, as an incident of the power to appoint, the power to remove the administrative heads . . . of the subdivisions of the department of safety. And the power of suspension is an incident of the power of removal.

■ Finally, the employee's contention that the Personnel Board denied him due process of law by not allowing him to introduce rebuttal evidence at the close of the county's case is without merit. The hearing before the King County Personnel Board is in the nature of an *appeal* from the decision by the personnel manager to terminate the employee's employment. Therefore, the employee presents his case first as the appellant, followed by the county's presentation of evidence. The employee has the right to cross–examine, but no provision is made in the rules for such hearings for rebuttal by the employee. In matters of admission of testimony, the Personnel Board exercises the same discretion as is exercised by a trial court.

> Suffice it to say that the question of the precise limits of rebuttal evidence is a matter resting largely in the discretion of the trial court, and the action of the court in such matters will not be reviewed except for manifest abuse resulting in prejudice to the complaining party.

*Hardman v. Younkers,* 15 Wn.2d 483, 496, 131 P.2d 177, 151 A.L.R. 868 (1942). The offer of proof by the appellant–employee indicates that the proffered evidence was collateral to the primary issue before the board.

The judgment of the trial court is affirmed.

ANDERSEN, A.C.J., and JAMES, J., concur.

Reconsideration denied March 22, 1979.

Review denied by Supreme Court August 22, 1979.