[No. 39151.    Department Two.    April 4, 1967.]

DANIEL GOGERTY, *Respondent*, v. THE DEPARTMENT OF INSTITUTIONS, *Petitioner*.*

*Reported in 426 P.2d 476.

*The Attorney General* and *Paul J. Murphy, Assistant,* for petitioner.

*Yvonne Carroll, Clay Nixon,* and *Anthony P. Wartnik,* for respondent.

HAMILTON, J.—Respondent, Daniel Gogerty, was employed by the Department of Institutions as a "cottage parent" at the Luther Burbank School, a state facility for the care of emotionally disturbed, delinquent boys between the ages of 8 and 16. The length of time in such employment was sufficient to bring respondent within the provisions of the state civil service law. RCW 41.06.

On January 27, 1963, respondent was dismissed from his employment by the superintendent of the school for a number of stated reasons. He duly appealed from his dismissal pursuant to RCW 41.06.170(2), and was afforded a full hearing before the Washington State Personnel Board in accordance with RCW 41.06.180. Following the hearing, and upon the basis of direct and disputed testimony and evidence, the personnel board entered the following findings of fact:

> That appellant physically abused one Robert Voghtman, an inmate of Luther Burbank School under appellant's care, contrary to and with full knowledge of the established policy and instructions of the Department of Institutions. (Findings I.)
> That appellant verbally abused said Robert Voghtman by making derogatory and profane remarks to him in the presence of other inmates, contrary to and with full knowledge of the established policy of the Department of Institutions. (Findings II.)
> That appellant failed and neglected to follow the procedures established by his superior, Mr. Harry *Maur* (Mower), for the entry of information in the cottage

restriction sheet and cottage log relating to disciplinary action taken by appellant towards inmates under his care and supervision. (Findings III.)

That on one occasion appellant entered in the cottage log a statement severely critical and derogatory of the administration of Luther Burbank School. (Findings IV.)

That contrary to repeated counselling and instruction from his superiors, appellant engaged in improper wrestling and horseplay with the children under his care and supervision, frequently causing them to become highly emotional and unruly. (Findings V.)

Based upon these findings, the personnel board sustained respondent's dismissal.

Respondent then appealed from the findings and order of the personnel board to the Superior Court for Thurston County as provided for by RCW 41.06.200. Among the statutory grounds asserted on his appeal was the contention that all of the foregoing findings of fact were:

Contrary to a preponderance of the evidence as disclosed by the entire record . . . . RCW 41.06-.200 (1) (b).

In accordance with RCW 41.06.210 (1), the superior court, sitting without a jury, reviewed the proceedings before the personnel board solely upon the basis of the certified transcript, with exhibits, of the hearing. In doing so, the superior court proceeded upon the theory that the above quoted portion of RCW 41.06.200 (1) (b) authorized it to weigh, evaluate and determine the credibility of the witnesses appearing before the board in seeking to ascertain whether the challenged findings of the board were contrary to a preponderance of the evidence. In short, it was virtually the position of the superior court that it could, on the basis of the cold record, retry disputed issues of fact de novo. Following this course, the superior court analyzed the evidence pro and con on each of the findings and concluded that each of the findings was contrary to a preponderance of the evidence. The superior court thereupon reversed the order of the personnel board, reinstated respondent to his position, and entered judgment for his back pay.

Proceeding upon the theory that the statute—RCW 41.06.210(2)—affords no right of appeal to the Department of Institutions (or any other employing department) from a judgment of the superior court in such cases, the department sought review by way of certiorari. In petitioning for such review, the department limited its claim of error to a challenge of the jurisdiction and authority of the superior court to base its decision on the credibility of witnesses who appeared in person before the personnel board and whose testimony came before the superior court only in the transcribed record of the proceedings before that board. We have, in granting the department's petition for a writ of certiorari, accordingly limited our review to the single issue presented by the petition.[1]

In approaching the question of the nature and extent of the superior court's reviewing authority in these matters, it is necessary to bear in mind that the declared purpose of the legislature in enacting[2] the civil service statute (Laws of 1961, ch. 1, RCW 41.06) was

to establish for the state a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, transfer, layoff, recruitment, retention, classification and pay plan, removal, discipline and welfare of its civil employees, and other incidents of state employment. RCW 41.06.010.

■■ This declared purpose is clearly within the traditional principle of the merit system of public employment, i.e. the delimitation or elimination of the spoils system in the matter of the selection, appointment, discipline and

---

[1]We do not deem it necessary to discuss the respondent Gogerty's contention that this was not a proper situation for a writ of certiorari; arguably the superior court, as a reviewing court, was acting beyond its authority in evaluating the credibility of witnesses appearing before the personnel board; and arguably also the employing agency had no right of appeal, and there was no other plain, speedy, or adequate remedy at law.

[2]We are cognizant of the fact that the civil service law, Laws of 1961, ch. 1, RCW 46.06, was enacted by the people as an initiative measure. For purposes of discussion, however, we have referred to and treated it as a legislative enactment.

discharge of civil employees. 15 Am. Jur. 2d *Civil Service* § 1, at 465. Likewise, it is clearly and fairly within the legislative power to enact, without trenching upon the executive branch of government, appropriate statutory provisions regulating the mode and manner of appointment and tenure in public employment. 15 Am. Jur. 2d *Civil Service* § 2. And, it is equally true that, in ordinary contemplation, personnel policy and management, either with or without a legislatively prescribed merit system of civil employment, is essentially an administrative or executive function rather than a function historically or traditionally resting with the judicial branch of government.

Thus, in carrying out its declared purpose, and to properly administer the system, the legislature provided for the appointment of an independent 3-member personnel board, with staggered 6-year terms, composed of persons who "have clearly demonstrated an interest and belief in the merit principle." RCW 41.06.110. The legislature then invested this board with the power and authority to promulgate and adopt comprehensive rules and regulations, consistent with the purposes and provisions of the merit system and with the best standards of personnel administration, to govern the employment practices of the various state agencies covered by the statute. RCW 41.06.150. It would thus seem clear that the legislature, among other things, contemplated that the personnel board (a) would be devoted to the best interests of the merit system; (b) would be separate from and independent of state agencies providing employment for personnel protected by the merit system; and (c) would be or become, by virtue of background and experience on the job, especially knowledgeable in the field of civil service administration.

Against this background the legislature then provided that an employee aggrieved by disciplinary action taken by his or her employing agency could appeal from such action to the personnel board, and have the appeal heard upon the basis of written charges specifying his alleged misconduct. RCW 41.06.170. To assure a fair and comprehensive hearing

before the personnel board, the legislature surrounded the proceeding with such basic due process safeguards as the right to timely notice, the requirement of sworn testimony, the right to counsel, the right to confront and cross-examine adverse witnesses, the right of compulsory process as to witnesses and documentary evidence, the requirement that the testimony be recorded, and the right, in ordinary cases, to a public or private hearing as the employee might choose. RCW 41.06.180.

With respect to the duty and function of the personnel board at the conclusion of any such hearing, the legislature stated:

> Within thirty days after the conclusion of the hearing the board shall make and fully record in its permanent records findings of fact, conclusions of law when the construction of a rule, regulation or statute is in question, reasons for the action taken and its order based thereon, which shall be final subject to action by the court on appeal as hereinafter provided, at the same time sending a copy of the findings, conclusions and order by registered mail to the employing agency and to the employee at his address as given at the hearing or to a representative designated by him to receive the same. RCW 41.06.190.

It is within this statutory, administrative law and quasi-judicial framework that we come to the pertinent legislative provisions relative to the right of appeal to the superior court and the court's function upon such an appeal. RCW 41.06.200 and 41.06.210 respectively provide in pertinent part:

> (1) Within thirty days after the recording of the order and the mailing thereof, the employee may appeal to the superior court of Thurston county, or in the case of an employee of an institution of higher learning to the superior court of the county in which such institution is located, on one or more of the grounds that the order was:
>
> (a) Founded on or contained error of law, which shall specifically include error in construction or application of any pertinent rules or regulations;
>
> (b) *Contrary to a preponderance of the evidence as disclosed by the entire record with respect to any specified finding or findings of fact;*

(c)  Materially affected by unlawful procedure;

(d)  Based on violation of any constitutional provision; or

(e)  Arbitrary or capricious.

(2)  Such grounds shall be stated in a written notice of appeal filed with the court, with copies thereof served on the director of personnel or a member of his staff or a member of the board and on the employing agency, all within the time stated.

(3)  Within thirty days after service of such notice, or within such further time as the court may allow, the board shall transmit to the court a certified transcript, with exhibits, of the hearing;  .  .  .  .  (Italics ours.) RCW 41.06.200.

(1)  The court shall review the hearing without a jury on the basis of the transcript and exhibits, except that in case of alleged irregularities in procedure before the board not shown by the transcript the court may order testimony to be given thereon. The court shall upon request by either party hear oral argument and receive written briefs.

(2)  The court may affirm the order of the board, remand the matter for further proceedings before the board, or reverse or modify the order if it finds that the employee's objection thereto is well taken on any of the grounds stated. RCW 41.06.210.

As heretofore indicated, it is upon the basis of the italicized portion of RCW 41.06.200 that the trial court took the position it was entitled to weigh, evaluate and determine the credibility of the witnesses appearing before the personnel board in reviewing the challenged findings of fact made by the board, which findings had arisen from and been entered upon the basis of conflicting, though otherwise competent and supportive, evidence.

We must disagree with the trial court's interpretation of RCW 41.06.200(1)(b).

In essence, it is our view that the statutory language, "Contrary to a preponderance of the evidence as disclosed by the entire record  .  .  .  ", simply does not confer upon the superior court de novo reviewing powers over personnel board findings of fact made and entered

pursuant to the provisions of RCW 41.06.180 and 41.06.190. Certainly, it cannot be gainsaid that if the legislature intended any such meaning, it could have said so in more traditional and unambiguous language.[3]

■ Rather, it is our opinion that the legislature intended, by the aggregate import of the provisions of the civil service act when viewed within the context of the normal division of executive and judicial functions in the public employment area, that the personnel board's findings of fact on disputed issues would carry into the superior court a prima facie presumption of correctness, and that such presumption could only be overcome by a demonstration that the competent evidence adduced before the board actually, factually and substantially preponderated *against* the board's findings. In other words, it is our view that before the superior court could upset the board's findings it would have to demonstrably appear, from the record as a whole, that the quantum of competent and supportive evidence upon which the personnel board predicated a challenged finding or findings of fact was so meager and lacking in probative worth, and the opposing evidence so overwhelming, as to dictate the conclusion that the pertinent finding or findings did not rest upon any sound or significant evidentiary basis.

This approach, in our judgment, does not contemplate that the superior court undertake an evaluation of the credibility of witnesses appearing before the personnel board nor that it engage in a weighing and balancing of conflicting evidence in the customary sense. Instead, it comprehends a judicial examination of the record as a whole for the purpose of ascertaining whether there exists therein any competent, relevant and substantive evidence which, if accepted as true, would, within the bounds of reason, directly or circumstantially support the challenged finding or

---

[3]See, for example, RCW 51.52.115 governing industrial insurance appeals wherein it is provided that "The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the record filed by the board in the superior court . . . ."

findings. In essence, we are persuaded that the legislature envisioned the application of a rule somewhat akin to the "substantial evidence rule", and a judicial review somewhat analogous to this court's review of the factual findings of a superior court. Any broader or more inclusive judicial review, embracing or approaching the concept of a de novo review of factual disputes, would have the tendency to minimize the administrative function and expertise of the personnel board, render futile the statutory requirement that the board make findings of fact, and thrust the superior court into the role of a super personnel board.

We accordingly hold that the trial court exceeded its authority in reviewing the personnel board's findings on a de novo basis. Since we do not otherwise reach the merits of the dispute, we reverse the trial court's action and remand the proceedings for appropriate reconsideration.

FINLEY, C. J., and DONWORTH, J., concur.

HILL, J. (concurring in the result)—I concur in the majority opinion and I think it reaches a desirable result, attaching proper importance to the expertise of the personnel board.

However, I am far from sure that it reaches the result which the legislature intended with reference to the extent and character of the review on an appeal from that board. It seems to me equally likely that the superior court correctly interpreted RCW 41.06.200(1)(b), and RCW 41.06-.210(1) and did just what the legislature intended the superior court to do on an appeal raising the issue that the evidence in the entire record preponderates against the findings of the board.

Conceding the prima facie correctness of the personnel board's findings and conclusions, it seems impossible for a reviewing court (in this instance the superior court) to determine whether or not the evidence preponderates against the findings of that board without weighing that evidence as the superior court did in this case.

In any event, the important thing is to get this opinion filed while the legislature is still in session, which will give

10

it the opportunity to take such action as it may desire, if we have not correctly interpreted its intention relative to superior court review.

DENNEY, J. Pro Tem., concurs with HILL, J.

---

July 3, 1967. Petition for rehearing denied.

*Reported in 426 P.2d 496.