[No. 42504.　En Banc.　June 21, 1973.]

THE STATE OF WASHINGTON, *on the Relation of Jack C. Hood et al., Petitioners,* v. THE WASHINGTON STATE PERSONNEL BOARD *et al., Respondents.*

*Slade Gorton, Attorney General, Arthur F. Mickey* and *Paul D. Solomon, Assistants,* for appellants.

*Slade Gorton, Attorney General, Kenneth W. Elfbrandt, Assistant,* and *Herbert H. Fuller,* for respondents.

STAFFORD, J.—This case involves judicial power to review

an order of the Washington State Personnel Board revers-
ing the Washington State Liquor Control Board's dismissal
of an employee.

Jack A. Thompson, who had been employed by the Li-
quor Control Board since June of 1967, was dismissed in
April of 1970. Mr. Thompson promptly appealed his dis-
missal to the Personnel Board. After hearing on the merits,
the Personnel Board ordered him reinstated as an employee
of the Liquor Control Board.

The Liquor Control Board sought review of the Person-
nel Board's action by filing a petition for writ of certiorari
in the Superior Court for Thurston County. The Personnel
Board moved for dismissal of the writ asserting that the
trial court lacked jurisdiction over the subject matter and
that the Liquor Control Board lacked standing to obtain
judicial review of orders issued by the Personnel Board.
The trial court denied the motion and proceeded to a hear-
ing on the merits. Mr. Thompson was permitted to inter-
vene.

After the court's hearing, the Personnel Board's order of
reinstatement was ordered affirmed and the Liquor Control
Board appealed to the Court of Appeals. Thereafter, the
Court of Appeals affirmed the order of reinstatement, but
for different reasons than the trial court. First, the Court of
Appeals held the superior court lacked jurisdiction to issue
the writ of certiorari. Second, it considered the merits of
the case and concluded that the Personnel Board had not
proceeded in an illegal or arbitrary and capricious manner
and affirmed the trial court's order insofar as it affirmed the
Personnel Board's order of reinstatement. *State ex rel.
Hood v. State Personnel Bd.*, 6 Wn. App. 872, 497 P.2d 187
(1972).

The Liquor Control Board has brought the matter before
us on a petition for review. For reasons stated hereafter,
we do not reach the merits of the case and affirm only the
result of the Court of Appeals' opinion.

■ The Liquor Control Board was created by Laws of
1933, 1st Ex. Sess., ch. 62, § 63, p. 201, and the Personnel

Board by Initiative 207, adopted by the vote of the people November 8, 1960, and codified in Laws of 1961, ch. 1, § 11, p. 13. Inasmuch as both boards are state agencies the source of their rights, powers, duties, privileges and immunities is statutory. Thus, it is for the legislature to decide whether one state agency may appeal or obtain judicial review of an adverse decision of another state agency. This, however, is always subject to the inherent constitutional power of the judiciary to review illegal or manifestly arbitrary and capricious actions violative of a fundamental right. *State ex rel. DuPont-Fort Lewis School Dist. 7 v. Bruno*, 62 Wn.2d 790, 384 P.2d 608 (1963); *see State ex rel. Cosmopolis Consol. School Dist. 99 v. Bruno*, 59 Wn.2d 366, 367 P.2d 995 (1962).

We note, preliminarily, that the Liquor Control Board did not attempt an appeal to the superior court. The right of appeal from orders of the Personnel Board is limited expressly to *state employees*. RCW 41.06.200 reads in part as follows:

(1) Within thirty days after the recording of the order and the mailing thereof, the *employee may appeal* to the superior court of Thurston County . . .

(Italics ours.)

By the same token, the Liquor Control Board's right of review by certiorari has its jurisdictional basis in a legislative enactment. Such right is limited as provided in RCW 7.16.040:

A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, *board* or officer, *exercising judicial functions*, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

(Italics ours.)

As just indicated, a writ of certiorari lies only to review actions of boards exercising *judicial functions*. Thus, the

first question is whether the functions exercised by the Personnel Board are "judicial" within the meaning of RCW 7.16.040.

▮ The Personnel Board has broad rule-making power. It has the duty of entertaining appeals by employees who have been dismissed for cause by their employing agency, and of conducting hearings thereon. After reviewing the evidence, the Personnel Board is required to prepare findings of fact and conclusions of law and issue orders based thereon. RCW 41.06.170, .180, .190. On disputed issues of fact the board's findings are entitled to a prima facie presumption of correctness. *Gogerty v. Department of Institutions,* 71 Wn.2d 1, 426 P.2d 476 (1967).

At first appearance one might conclude that the foregoing functions are judicial in nature. On more careful scrutiny, however, we conclude that the Personnel Board's function in hearing and deciding appeals of employees, who have been dismissed for cause by their employing agencies, is a nonjudicial function.

▮ We recognize various tests have been employed to determine whether administrative acts are judicial in nature. *See Citizens Against Mandatory Bussing v. Palmason,* 80 Wn.2d 445, 495 P.2d 657 (1972) and *Okanogan County School Dist. 400 v. Andrews,* 58 Wn.2d 371, 363 P.2d 129 (1961). In the case at hand, however, the most significant test for the distinction between judicial and nonjudicial functions is whether the function performed by the agency is one which the judiciary has historically performed and which the courts could have performed prior to creation of the agency. *Floyd v. Department of Labor & Indus.,* 44 Wn.2d 560, 269 P.2d 563 (1954).

The nature of the Personnel Board's function is derived, historically, from the purpose for which it was created. RCW 41.06.010 provides:

> The general purpose of this chapter is to establish for the state a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, transfer, layoff, recruitment, re-

tention, classification and pay plan, removal, discipline and welfare of its civil employees, and other incidents of state employment. All appointments and promotions to positions, and retention therein, in the state service, shall be made on the basis of policies hereinafter specified.

Prior to creation of the Personnel Board, state employees had no express employment rights which were within the power of the courts to protect. Personnel administration was left exclusively to the discretion of management. Thus, there were no functions which the courts had or even could have performed prior to the creation of the Personnel. Board. Furthermore, the act which created the agency also created the rights which were to be protected by the agency.

We conclude, as did the Court of Appeals, that the function of the Personnel Board, in hearing and determining appeals from employees who have been dismissed for cause by their employing agency is nonjudicial in nature. That being the case, the superior court lacked statutory jurisdiction to issue the writ of certiorari provided by RCW 7.16.040.

The Liquor Control Board argues that despite the lack of statutory authority, the legislature cannot abridge the judiciary's inherent constitutional power to review illegal acts of a state agency or those alleged to be arbitrary and capricious actions violative of fundamental rights. We agree with the abstract statement of law. *See State ex rel. Du-Pont-Fort Lewis School Dist. 7 v. Bruno, supra* at 793-94:

> [W]hether . . . the administrative function involved be characterized as discretionary and nonjudicial, our courts possessed constitutional and inherent power to review illegal or manifestly arbitrary and capricious action violative of fundamental rights . . .

(Footnote omitted.) In the same regard, *see State ex rel. Cosmopolis Consol. School Dist. 99 v. Bruno, supra.*

However, the question is whether the Personnel Board acted illegally or engaged in arbitrary and capricious action violative of fundamental rights. Only if it so conducted

itself did the superior court possess an inherent constitutional power of review. *State ex rel. DuPont-Fort Lewis School Dist. 7 v. Bruno, supra; State ex rel. Cosmopolis Consol. School Dist. 99 v. Bruno, supra.*

■ A reviewing court always has the power to examine basic questions to determine whether it has jurisdiction to review and resolve the fundamental issues involved. This power, however, is to be distinguished from disposition of a case on its merits, once illegality or arbitrary and capricious action violative of fundamental rights has been demonstrated and jurisdiction has been found to exist. It is in the former limited sense, rather than in the latter, that we must review the Liquor Control Board's allegations.

First, even if we were to disagree with the Personnel Board's order, it was based upon disputed evidence, and we cannot say that its action was arbitrary and capricious. That term has been defined by us in *Lillions v. Gibbs,* 47 Wn.2d 629, 633, 289 P.2d 203 (1955) as:

> [W]illful and unreasoning action, without consideration and in disregard of facts or circumstances.

Second, even if the action of the Personnel Board is said to be arbitrary and capricious, that alone would not support judicial review of the agency's action. We held in *DuPont* at pages 793-94, that such action must also be violative of a fundamental right before the judiciary's inherent constitutional power of review comes into being.

The Liquor Control Board has informed us of no fundamental statutory rights, peculiar to it, that have been violated by the Personnel Board's action. The apparent absence of such a breach is particularly important because, as indicated above, both agencies derive all of their rights, powers, duties, privileges and immunities, if any, from the state legislature. Referring to the judiciary's inherent constitutional power of review and the triggering mechanism, we stated in *DuPont* at page 794:

> The essential touchstone, impelling invocation of the inherent or constitutional power of judicial review of nonjudicial administrative action, is the basic nature and

extent or magnitude of the right involved coupled with the patency and character of the alleged violation.

Under the circumstances of this case we find no arbitrary and capricious action violative of the Liquor Control Board's fundamental rights. Thus, there is no basis for invoking the judiciary's inherent constitutional power of review in this regard.

■ The Liquor Control Board has assigned error to the Personnel Board's conclusion of law which states in part "no *conclusive* evidence was submitted" upon which to base the dismissal of Mr. Thompson. (Italics ours.) We agree that WAC 356-34-270(2) implies that the burden of proof required of an agency to sustain its action dismissing an employee is a "preponderance of the evidence". The Personnel Board's use of "conclusive evidence" test was a mistake of law. This, however, is not to be equated with an illegal act and does not indicate that the Personnel Board's hearing was conducted in an illegal manner or in total disregard of the facts.

Accordingly, we hold that the trial court lacked jurisdiction to issue the writ of certiorari and thus had no power to decide the matter on its merits. We affirm only the result of the trial court's order which left the Personnel Board's order in effect. The trial court had no power to do otherwise. Further, we affirm only that portion of the Court of Appeals' opinion which holds that the trial court lacked jurisdiction to issue the writ, thus leaving the Personnel Board's order in effect. There being no original or appellate judicial jurisdiction to reach the merits of the case, we do not do so.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied August 23, 1973.