[No. 2761–2. Division Two. June 12, 1978.]

BARBARA J. LUMPKIN, *Appellant*, v. THE DEPARTMENT
OF SOCIAL AND HEALTH SERVICES, ET AL,
*Respondents.*

*Clifford F. Cordes, Jr.,* and *Cordes, Cordes & Younglove,* for appellant.

*Slade Gorton, Attorney General,* and *Brian J. Coyne* and *Kenneth W. Elfbrandt, Assistants,* for respondents.

SOULE, J.—Plaintiff, Barbara J. Lumpkin, appeals from the Superior Court's dismissal for lack of jurisdiction. We affirm the trial court.

On October 7, 1974, appellant was promoted from a case worker III position within the Department of Social and Health Services, to a position of management intern II within the same agency. An employee's promotion within the agency is subject to a 6–month trial service period. WAC 356–06–010[1] and WAC 356–30–320(1).[2] Should such an employee fail to complete satisfactorily this trial service period, she is automatically reverted to her former position. WAC 356–30–320(1). After having worked as an intern in several different phases of the workload standards program within this agency, she received a written evaluation on March 3, 1975, which indicated that her performance had been less than satisfactory. On April 1, 1975, appellant received written notification of her reversion to her prior position of case worker III, due to her "inability to grasp the concepts needed for developing the workload standards program." Ms. Lumpkin responded by filing an appeal of her reversion with the State Personnel Board. The agency countered with WAC 356–30–320(2)[3] which expressly states that an employee has no right to an appeal from a reversion.

On October 15, 1975, after having conducted a hearing to determine if it had jurisdiction, the State Personnel Board

---

[1]WAC 356–06–010 reads in part:

"TRIAL SERVICE PERIOD. A six–month trial period of employment of a permanent employee beginning with the effective date of the promotion or demotion or appointment from the promotional register."

[2]WAC 356–30–320(1) reads:

"TRIAL SERVICE—SERVICE—REVERSION—STATUS. (1) An employee who promotes within his own agency and fails to satisfactorily complete the trial service period shall automatically revert to a position in his former classification."

[3]WAC 356–30–320(2) reads:

"An employee who is promoted into a class within another agency and who fails to satisfactorily complete the trial service period shall be given 15 calendar days' written notice and placed at that time on the dual agency reversion register and the service–wide reversion register for the class from which promoted. Employees who are reverted do not have the right of appeal. If an employee elects not to accept the first offer of employment, his name is then placed on the reemployment register."

dismissed the appeal, relying upon WAC 356–30–320(2). Thereafter, appellant petitioned the Superior Court for Thurston County, requesting judicial review pursuant to RCW 41.06.200 which provides for a direct appeal to the superior court, and RCW 7.16.040 which provides for review by writ of certiorari. The trial court affirmed the dismissal by the State Personnel Board and denied the appeal.

We are now called upon to determine whether the agency had the power to promulgate WAC 356–30–320(1) which permits the reversion of an employee during the trial service period to her prior position and also to determine the validity of part (2) of that regulation insofar as it denies a reverted employee the right to an appeal. The appellant also contends that, regardless of the validity of those regulations, she is entitled to judicial review of the reversion because the agency acted in an arbitrary and capricious manner. For the reasons cited below, we disagree with appellant and affirm the dismissal of the appeal.

The power of this agency to promulgate such regulations is found in RCW 41.06.150. The agency is there given the power to adopt and promulgate regulations regarding "training programs, including in–service, promotional and supervisory." Where such rule–making power is delegated to the agency, the regulations are presumed to be valid. *Weyerhaeuser Co. v. Department of Ecology,* 86 Wn.2d 310, 545 P.2d 5 (1976). As a result of this presumption, the person asserting the invalidity of the regulation bears the burden of presenting compelling reasons which show why the regulation is in conflict with the intent and purpose of the legislation. *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.,* 89 Wn.2d 688, 575 P.2d 221 (1978).

The appellant has failed to present any such compelling reasons. The declared purpose of the legislation, RCW 41.06.010, is to establish for the state, a system of

personnel administration based on merit principles and scientific methods governing the . . . promotion . . . of its civil employees.

Clearly these regulations, by establishing a trial service period with the possibility of being reverted to one's prior position, are within this declared purpose of the legislation. The regulations provide the agency with the opportunity to determine whether current employees should be permanently promoted to a higher position upon the basis of their trial performance in that position, *i.e.,* upon the basis of merit. Also, the full utilization of current employees is furthered by these regulations since the agency is encouraged to provide those with management potential the opportunity for advancement, while at the same time encouraging those same capable employees to try for promotions without fear of losing their present position should they prove to be incapable of performing the new work. We, therefore, hold that the appellant has failed to meet the burden of proving the invalidity of these regulations.

The mere fact that the agency has provided for a reversion without any right to an appeal does not invalidate the regulation. The right to obtain administrative review is of purely statutory origin and is not an inherent right. *Klein v. Civil Serv. Comm'n,* 54 Misc. 2d 283, 282 N.Y.S.2d 373 (1967). Our Supreme Court has repeatedly held that a public employee has only those rights and protections conferred by statute. *Olson v. University of Wash.,* 89 Wn.2d 558, 573 P.2d 1308 (1978); *Yantsin v. Aberdeen,* 54 Wn.2d 787, 345 P.2d 178 (1959).

Since an agency only has those powers which the enabling act confers upon it, *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd., supra,* we must also determine if the failure to provide for an appeal from a reversion is contrary to the requirements of RCW 41.06. At the time of her reversion, RCW 41.06.170(2) conferred upon an employee a right to an appeal from a reduction, dismissal, suspension or demotion. No mention was made of a reversion. Even were we to declare the statute ambiguous, the construction placed upon it by the agency charged with its administration would be entitled to considerable weight. *Earley v. State,* 48 Wn.2d 667, 296 P.2d 530 (1956);

*Weyerhaeuser Co. v. Department of Ecology, supra.* The agency has interpreted the statute as not providing for an appeal from a reversion. This interpretation is strengthened by the fact that the legislature has considered the above-mentioned section and amended it in other particulars but has not modified the agency's construction by providing for an appeal from a reversion.[4] *State ex rel. Pirak v. Schoettler,* 45 Wn.2d 367, 274 P.2d 852 (1954). Such legislative conduct is strong evidence that the legislature did not intend an employee to have the right to an appeal from a reversion. Therefore, we hold that RCW 41.06 does not require that an employee be given the right to an appeal from a reversion and absent a statute conferring such a right, none exists.

We further hold that appellant's contention that a reversion is the same as a "demotion" (as that term is used in RCW 41.06.170(2)), is without merit. The agency, through its regulations, has carefully distinguished a reversion and has limited its applicability to that time span during which the employee is in a trial service period. Whereas a demotion occurs when an employee who has acquired a position in a higher salary range is transferred to a position in a lower salary range, a reversion occurs when an employee who has not yet "acquired" a new position is returned to her prior position due to failure to complete the trial service period satisfactorily. A reverted employee has at all times during the trial service period the right to the former position. Without relinquishment of that right, it can hardly be said that one has been promoted in the sense in which that word is normally used, nor can a return to a position which was never surrendered be considered a

---

[4]In 1976 the legislature did provide for a right to appeal for any person adversely affected by a violation of the agency's regulations. Laws of 1975, 2d Ex. Sess., ch. 43, § 3 (RCW 41.06.170(2)).

However, since an employee can be reverted without violating any regulation or provision of the state's civil service law, no automatic right to appeal from a reversion was granted by the amendment.

demotion. It is not until the trial service period is satisfactorily completed so that the employee has relinquished the former and assumed the new position that any subsequent transfer to a lower salary range can be deemed a demotion.

The remaining issue raised on this appeal is whether Ms. Lumpkin is entitled to judicial review of her reversion regardless of the regulations' validity. In her pleadings in the trial court, she placed reliance upon RCW 41.06.200 and RCW 7.16.040 as providing her with the right to judicial review of this action. Neither of these two statutes has been relied upon in her arguments to this court. Nevertheless, we take this opportunity to state that neither of the above statutes provides the appellant with such a right. The first statute provides for the continuation of the appeal process from the agency to the superior court. This statute thus refers to those appeals to which the employee is entitled by virtue of RCW 41.06.170(2). Because we have determined that this statute does not provide for an appeal from a reversion, there is no appeal which could have been continued into the superior court. The second statute provides for the issuance of a writ of certiorari. However, this statute limits the issuance of such a writ to those agency actions which are of a judicial nature, *State ex rel. Hood v. State Personnel Bd.*, 82 Wn.2d 396, 511 P.2d 52 (1973), and does not permit judicial review of purely legislative, executive or ministerial acts of the agency. *State ex rel. New Wash. Oyster Co., Inc. v. Meakim*, 34 Wn.2d 131, 208 P.2d 628 (1949). The decision to revert an employee to her prior position entails merely administrative and executive considerations. Historically, absent a statute imposing the duty, such a function is not one which the courts have performed because it is not an exercise of a judicial function. *See Keim v. United States*, 177 U.S. 290, 44 L. Ed. 774, 20 S. Ct. 574 (1900); *Green v. Cowlitz County Civil Serv. Comm'n*, 19 Wn. App. 210, 577 P.2d 141 (1978). *See also State ex rel. Hood v. State Personnel Bd., supra,* which held that the Personnel Board's hearing of an employee's

appeal from a termination was not a judicial function.[5] Therefore, this statute is also inapplicable.

On this appeal, appellant has relied solely upon the following argument in claiming a right to judicial review of the reversion. She contends that an agency must comply with the procedural prerequisites in demoting, suspending or removing an employee, citing *Reynolds v. Kirkland Police Comm'n*, 62 Wn.2d 720, 384 P.2d 819 (1963); *Yantsin v. Aberdeen, supra;* and *In re Jullin*, 23 Wn.2d 1, 158 P.2d 319, 160 P.2d 1023 (1945). She argues that this rule should likewise be applied to reversions. Next, she alleges that the agency failed to provide adequate[6] counseling during the trial service period, and therefore, the agency failed to comply with a procedural prerequisite for reverting an employee. From this, she concludes that her reversion was arbitrary and capricious, and asserts that the courts will review an agency's action which is claimed to have been arbitrary and capricious, citing *In re California Ave.*, 30 Wn.2d 144, 190 P.2d 738 (1948).

█ In response, we first note that the counseling which is required by WAC 356–30–310[7] is not a part of any procedural prerequisites with which the agency must comply in

---

[5]*But see Luellen v. Aberdeen*, 20 Wn.2d 594, 148 P.2d 849 (1944), where the court had assumed that certiorari had been available to a discharged employee; *and also Ticeson v. Department of Social & Health Servs.*, 19 Wn. App. 489, 576 P.2d 78 (1978), where by way of obiter dictum, such hearings by the personnel board were said to be quasi–judicial. In using the terminology, the court made no reference to *State ex rel. Hood v. State Personnel Bd.*, 82 Wn.2d 396, 511 P.2d 52 (1973).

[6]The file of the Department of Social and Health Services which is part of the record on appeal, reveals that on March 3, 1975, appellant received a written evaluation of her performance which evaluation indicated dissatisfaction with her work. Appellant signed that evaluation and returned it. This evaluation is at least a part of the counseling required by WAC 356–30–310(1). Therefore, her argument can only go to the adequacy of the counseling.

[7]WAC 356–30–310 reads in part:
"TRIAL SERVICE—COUNSELING—TRAINING. (1) During the trial service period, supervisor shall counsel the trial service employees to inform them of their work performance. The counseling will inform the employees of their strengths, weaknesses, and methods of improvement. In addition, it shall include a signed acknowledgment by the employee of the supervisory evaluation."

reverting an employee. The regulations fail to provide for any procedural prerequisites in reverting an employee. Upon the employee's failure to complete satisfactorily the trial service period, she is automatically reverted to her prior position. WAC 356–30–320(1). At most, she is to be provided with some notice of her reversion, as was done here. When no procedures are required by statute, the agency may revert an employee without following any particular procedure. *See Yantsin v. Aberdeen, supra.*

 Finally, appellant's reliance upon *In re California Ave., supra,* is misplaced. In that case there existed a statutorily granted right of appeal. It has been the law of this state that unless a statute provides a person with the right to an appeal to the superior court, no such right exists. *Department of Labor & Indus. v. Cook,* 44 Wn.2d 671, 269 P.2d 962 (1954). To this rule of law there are two well–settled exceptions: the writ of certiorari, previously discussed and held inapplicable; and the inherent power of the courts to review an action which is arbitrary and capricious, *and* which action violates a fundamental right. *Green v. Cowlitz County Civil Serv. Comm'n, supra; State ex rel. Hood v. State Personnel Bd., supra.* Appellant has made no claim that any fundamental right has been violated. Having not been presented with any such argument or citation of authority, we need not consider it. *State v. Wood,* 89 Wn.2d 97, 569 P.2d 1148 (1977); *Pan Pac. Trading Corp. v. Department of Labor & Indus.,* 88 Wn.2d 347, 560 P.2d 1141 (1977). We therefore hold that the appellant is not entitled to judicial review of her reversion and affirm the Superior Court's dismissal of this action.[8]

---

[8]Neither party has contended that the administrative procedures act, RCW 34.04, is applicable. Before that act will provide for judicial review, there must have been a "contested case" (RCW 34.04.130) which by definition means a proceeding in which a hearing is required by statute or constitution. RCW 34.04.020(3). Since no such hearing was required in this case, the act was inapplicable.

Pearson, C.J., and Reed, J., concur.

Reconsideration denied June 27, 1978.

Review denied by Supreme Court November 17, 1978.