[No. 3314–2.   Division Two.   April 23, 1979.]

WASHINGTON FEDERATION OF STATE EMPLOYEES, *Appellant,*
v. STATE PERSONNEL BOARD, ET AL,
*Respondents.*

*Edward E. Younglove*, for appellant.

*Slade Gorton, Attorney General*, and *Kenneth W. Elfbrandt, Assistant*, for respondents.

REED, A.C.J.—The Washington Federation of State Employees appeals from the Superior Court's denial of its application for writ of certiorari, the dismissal of its complaint for declaratory judgment and the Superior Court's conclusion that the order of the State Personnel Board, which exempted two positions from civil service classification, was not arbitrary and capricious. We affirm.

In September 1977 the Governor requested that the State Personnel Board exempt two positions in the Office of Community Development from civil service classification pursuant to the Board's authority under RCW 41.06-.070(22). After holding public hearings on November 3, 1977, the Board granted the exemption request. The two positions, each entitled "Employment Training Assistant Administrator," had been created in July 1977 within the classified service. Responsibilities included helping to direct and implement the Comprehensive Employment and Training Act (CETA) program in the state and, as such, incumbents reported to the head of the Division of Employment and Training within the Office of Community

Development.[1] At the time the exemption request was made, the Division of Employment and Training consisted of approximately 35 civil service employees. When the Board granted the exemption request, two permanent employees in the classified service occupied these recently created positions on an "acting" basis. After entry of the exemption order, the same two employees continued to hold the positions.

RCW 41.06.070(22) empowers the State Personnel Board to grant up to 175 exemptions from civil service classification, in addition to those positions specifically made exempt by the legislature in RCW 41.06.070(1)–(21), upon the request of the Governor or other elected official. RCW 41.06.070(22) authorizes the Board to grant the exemption request if it determines, after holding public hearings, that the position involves substantial responsibility for the formulation of agency or executive policy or controls the operation of an agency or subdivision thereof. The statute also provides that the Board's determination shall be final.[2]

---

[1]The functions of the Office of Community Development have now been transferred to the Department of Employment Security. Consequently, the two employees now report to the head of the Division of Employment and Training which exists within the Department of Employment Security. We do not believe that this transfer of functions has any effect upon our opinion rendered herein.

[2]RCW 41.06.070(22) provides in pertinent part:

"In addition to the exemptions specifically provided by this chapter, the state personnel board may provide for further exemptions pursuant to the following procedures. The governor or other appropriate elected official may submit requests for exemption to the personnel board stating the reasons for requesting such exemptions. The personnel board shall hold a public hearing, after proper notice, on requests submitted pursuant to this subsection. If the board determines that the position for which exemption is requested is one involving substantial responsibility for the formulation of basic agency or executive policy or one involving directing and controlling program operations of an agency or a major administrative division thereof, the personnel board shall grant the request and such determination shall be final. The total number of additional exemptions permitted under this subsection shall not exceed one hundred seventy–five for those agencies not directly under the authority of any elected public official other than the governor, . . ."

As a result of the Board's exemption order, civil service employees within the bargaining unit represented by the Washington Federation of State Employees were subject to loss of the possibility of future promotion into the two positions by competitive examination. The union sought judicial review of the Board's exemption order in Superior Court, alternatively by writ of certiorari or declaratory judgment, and claimed that the Board's action was arbitrary and capricious.

Three issues are presented on appeal: (1) did the Superior Court err by denying the union's application for writ of certiorari; (2) did the Superior Court err in dismissing the union's complaint for declaratory judgment; and (3) did the Superior Court err in concluding as a matter of law that the Board's actions were not arbitrary and capricious?

■ The union first asserts that the State Personnel Board was performing a quasi–judicial function when it declared the two positions to be exempt from civil service classification, and that the decision is subject to review by statutory writ of certiorari. We agree with the Superior Court that the Personnel Board's action was not quasi–judicial in nature. A statutory writ of certiorari authorized by RCW 7.16.040 may only be used to review actions of agencies exercising quasi–judicial functions. *State ex rel. Hood v. Personnel Bd.*, 82 Wn.2d 396, 399, 511 P.2d 52 (1973). It may not be used to obtain judicial review of purely legislative, executive or ministerial acts of the agency. *State ex rel. New Washington Oyster Co. v. Meakim*, 34 Wn.2d 131, 208 P.2d 628 (1949); *Lumpkin v. Department of Social & Health Servs.*, 20 Wn. App. 406, 412, 581 P.2d 1060 (1978). Our courts have developed a four–part test to determine whether or not an action of an administrative agency is quasi–judicial: (1) whether a court could have been charged with making the agency's decision; (2) whether the action is one which historically has been performed by courts; (3) whether the action involves the application of existing law to past or present facts for the purpose of declaring or enforcing liability; and (4) whether

the action resembles the ordinary business of courts as opposed to that of legislators or administrators. *Standow v. Spokane*, 88 Wn.2d 624, 631, 564 P.2d 1145, *appeal dismissed*, 434 U.S. 992, 54 L. Ed. 2d 487, 98 S. Ct. 626 (1977); *Francisco v. Board of Directors*, 85 Wn.2d 575, 579–81, 537 P.2d 789 (1975). *Accord, King County v. Carter*, 21 Wn. App. 681, 686–87, 586 P.2d 904 (1978).

When the action of the State Personnel Board is examined in light of this test, it must be concluded that the Board's action was not quasi–judicial. Clearly, a court could not have been charged with making the decision of whether or not to grant the exemption. The power to grant the exemption was not historically exercised by courts but originated in RCW 41.06.070(22) which granted the power to the agency. The Board did not apply law to past or present facts; rather, it made a quasi–legislative policy determination of prospective application after holding a legislative fact–finding hearing. Thus, its actions did not resemble the ordinary business of courts. The union argues that the Board was engaging in statutory interpretation, historically a function performed by courts, when it determined that the two positions were responsible for the formulation of agency policy and thus were eligible for exemption under the statute. We do not agree. The Board did not engage in statutory interpretation when it made its decision any more than any administrative agency interprets its enabling act when it carries out its delegated legislative power. We conclude that the function of the Board in determining whether or not to grant an exemption from civil service classification is nonjudicial in nature. Consequently, the Board's decision is not subject to review pursuant to RCW 7.16.040.

The union next contends that, even if the Board's decision is not subject to review under a statutory writ of certiorari, the Superior Court was empowered to review the decision under its inherent judicial power since a fundamental right was involved. In spite of any legislative restrictions on judicial review, we recognize that even

quasi–legislative agency action is subject to the inherent power of courts to review agency action when the action is outside the scope of its statutory authority or is so arbitrary and capricious that it does violence to a fundamental right. *State ex rel. Hood v. Personnel Bd.,. supra* at 401–02; *State ex rel. Cosmopolis· Consol. School Dist. 99 v. Bruno,* 59 Wn.2d 366, 369, 367 P.2d 995 (1962); *Port Townsend School Dist. 50 v. Brouillet,* 21 Wn. App. 646, 587 P.2d 555 (1978). No allegation has been made that the Board exceeded its statutory authority, and the Superior Court did not err in refusing to find a fundamental right. A fundamental right exists when the agency does not have discretion in making its determination once certain minimum statutory qualifications are met, *Port Townsend School Dist. 50 v. Brouillet, supra* at 651, or when a fundamental right is otherwise created by the statute. *Green v. Cowlitz County Civil Serv. Comm'n,* 19 Wn. App. 210, 216, 577 P.2d 141 (1978). RCW 41.06.070(22) gives the Board discretion to grant an exemption after an overall evaluation of facts presented by the Governor and by others participating in the public hearings. Under the statute no one has a substantive right to demand that an exemption be given or withheld. Instead, the Board makes a quasi–legislative policy determination when it decides whether or not to grant an exemption from civil service classification.

The union argues that civil service employees within the collective bargaining unit which the union represents have a "fundamental right" not to have future promotional opportunities denied to them in an illegal or arbitrary and capricious manner. We do not agree that the foreclosure of a hypothetical opportunity for promotion of its membership rises to the level of a fundamental right allowing the union to invoke the Superior Court's inherent power of judicial review. The union also contends that the two employees whom it represents had a fundamental right not to have the two civil service positions which they occupied arbitrarily or capriciously or illegally exempted from the civil service law. The record does not reflect, nor do the

employees contend, that they have been denied any other rights as classified employees. In any case, as acting employees they had no vested rights with regard to the positions which were adversely affected by the exemption order. *See* WAC 356-30-070. Therefore, the Superior Court did not err in concluding that a fundamental right did not exist.

The union next argues that, even though judicial review may not be available by writ of certiorari, it was entitled to have the Board's decision reviewed under the declaratory judgment act since the union sought construction of RCW 41.06.070(22), and that it was error for the Superior Court to uphold the finality of the Board's decision as provided by the statute. Declaratory relief is available when the parties seek construction of a statute. *State ex rel. Lyon v. Board of Comm'rs*, 31 Wn.2d 366, 373, 196 P.2d 997 (1948). We have already determined that the Board was not engaging in statutory interpretation or construction when it made its decision. However, we will address this issue nonetheless.

■ When the action of an agency is not quasi-judicial and its substantive determination is challenged, judicial review is very limited and may be granted only when the violation of a fundamental right is shown. *E.g., Port Townsend School Dist. 50 v. Brouillet, supra* at 653. To allow separate review of the Board's order under the declaratory judgment act would frustrate the policy of limited review of such agency decisions so recently endorsed. Further, in order to invoke the declaratory judgment remedy, the plaintiff must assert a legal right capable of judicial protection which exists in a statute, constitution or common law. 1 W. Anderson, *Actions for Declaratory Judgments* §§ 185-87 (1951). Since the union has no such right, dismissal of the complaint for declaratory judgment was proper.

■ We also uphold the Superior Court's determination that the statute's provision making the Board's decision final foreclosed judicial review. Such a statutory foreclosure of review merely repeats the principle established by case

law providing very limited review of agency decisions which are not quasi–judicial in nature. Thus, the statutory provision prohibiting review is valid since it forecloses review of an agency determination which is not quasi–judicial. If such a decision is ever found to violate a fundamental right or to exceed the agency's statutory power, review would always be available under the court's inherent power, and a reviewing court could disregard the statute's prohibition on review. *See State ex rel. Hood v. Personnel Bd., supra* at 399. *See also Port Townsend School Dist. 50 v. Brouillet, supra* at 650–54.

Finally, the union asserts that the Superior Court erred in concluding as a matter of law that the Board's action was not arbitrary and capricious, and that the Superior Court erred in making this conclusion without entering formal findings of fact. Since it has been determined that the union does not have a right to judicial review of the decision, this issue need not be reached, and it was not error for the Superior Court to have concluded that the action was not arbitrary and capricious without entering findings of fact.[3] Even assuming that the union was entitled to review on the merits, the action of the Board was not arbitrary and capricious. Agency action is not arbitrary and capricious unless it is "willful and unreasoning action, without consideration and in disregard of facts and circumstances." *E.g., Boe v. Gorton,* 88 Wn.2d 773, 775, 566 P.2d 197 (1977); *Green v. Cowlitz County Civil Serv. Comm'n, supra* at 219–20. The record supports the determination of the Board that the two positions involve substantial responsibility for the formulation of executive policy having to do with implementation of a major federal program in the state and the administration of a large budget. Therefore,

---

[3]The union also asserts that the Superior Court erred in using the arbitrary and capricious test instead of the clearly erroneous test on review. We need not discuss this assignment of error. Since we have already determined that the union is not entitled to judicial review on the merits, the determination of the proper test to be used by a reviewing court is immaterial.

150

since the record supports the agency's determination, the action of the Board was not arbitrary and capricious.

We conclude that, since the Board's action was not quasi–judicial and did not involve a fundamental right, the Superior Court did not err in refusing to grant judicial review of the Board's decision. We affirm the action of the Superior Court in denying the union's application for writ of certiorari and dismissing its complaint for declaratory judgment. Further, we find no error in the Superior Court's determination that the Board's action was not arbitrary and capricious.

PETRIE and SOULE, JJ., concur.

Reconsideration denied May 24, 1979.