[No. 11200–1–II.  Division Two.  December 2, 1988.]

CHRISTOPHER DOUG JOHNSTUN, *Respondent,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Appellant.*

---

*Kenneth O. Eikenberry, Attorney General,* and *Edward J. Dee, Assistant,* for appellant.

*Darcy M. Norville* and *Tom M. Chin* of *Evergreen Legal Services,* for respondent.

REED, C.J.—The State Department of Social and Health Services (DSHS) appeals an order awarding Christopher Doug Johnstun attorney's fees and costs. Johnstun incurred the fees in his appeal of the Department's denial of his eligibility for developmental disability services. We reverse the order.

Doug Johnstun was 10 years old in 1979, when he fell about 20 feet from a tree and suffered a severe head injury. Since then, he has experienced significant learning, behavioral, social, and emotional disabilities. The youth was placed at the DSHS Division of Developmental Disabilities (Division), Rainier School, as he had been found eligible for developmental disability services at that time. In 1984, the Division attempted to terminate Johnstun's eligibility because of his improved level of functioning. At about the same time, however, the juvenile court entered an order

committing him to the Rainier School pursuant to RCW 72.33.130, which authorizes commitment when the child is a handicapped dependent. The juvenile court specifically found Johnstun to be developmentally disabled under RCW 71.20.016, because of neurological damage and/or mental retardation.

Johnstun reapplied for developmental disability services in the summer of 1985, apparently anticipating the approaching termination of the juvenile court's jurisdiction. The Division denied his application because he was "not mentally retarded and [was] not adaptively impaired in a manner that resembles the effects of mental retardation or that may be addressed by the program's strategies and techniques of the developmental disability field."

Johnstun appealed the Division's decision that he did not meet the eligibility criteria. The administrative law judge concluded that he had no jurisdiction to contradict the findings of the juvenile court and thus declined to rule on the eligibility decision. The administrative law judge's decision was appealed to the DSHS Office of Hearings. Again, however, the review judge dismissed the appeal for lack of jurisdiction to issue an advisory opinion, as Johnstun had not yet turned 18.

Johnstun appealed the final administrative decision to the Cowlitz County Superior Court. The Superior Court found that both administrative judges erred in dismissing Johnstun's appeals and remanded the case to the administrative law judge. The court found that Johnstun was the prevailing party and granted him attorney's fees pursuant to RCW 74.08.070 and .080. We are asked to decide the applicability of these statutes to decisions regarding eligibility for services to developmentally disabled persons.

■ The law is well settled that attorney's fees are recoverable only when authorized by contract, statute, or a recognized ground in equity. *Clark v. Horse Racing Comm'n*, 106 Wn.2d 84, 92, 720 P.2d 831 (1986). The only purported basis for attorney's fees in this case is the

statutory authorization in RCW 74.08.070 and .080. In construing these statutes, we give them a sensible construction that will give effect to the Legislature's intent and, if possible, one that will avoid unjust or absurd consequences. *Whitehead v. Department of Social & Health Servs.*, 92 Wn.2d 265, 268, 595 P.2d 926 (1979).

RCW 74.08.070 provides a fair hearing process for applicants or recipients of public assistance who believe themselves aggrieved by a decision of DSHS or any of its authorized agencies. RCW 74.08.080, in turn, provides for judicial review of those administrative decisions rendered pursuant to RCW 74.08.070. The judicial review statute also authorizes the reviewing court, whether the superior court, Court of Appeals, or Supreme Court, to grant the prevailing party reasonable attorney's fees and costs. Johnstun argues that all applicants or recipients of any "services" provided by DSHS programs are entitled to the fair hearing process established by these statutes, regardless of whether the services meet the definition of "public assistance" in RCW 74.08.

■ We conclude that RCW 74.08.070 and .080 were not intended to provide fair hearings for review of eligibility decisions outside of RCW Title 74. RCW 74.08.070 is limited in scope to public assistance eligibility decisions. "Public assistance" is defined in RCW 74.04.005(1) as "Public aid to persons *in need* thereof for any cause, including services, medical care, assistance grants, disbursing orders, work relief, general assistance and federal–aid assistance." (Italics ours.) "Need" is defined as the gap between the applicant's or recipient's "standards of assistance" and the family income. RCW 74.04.005(12). RCW 74.08.025 establishes the general standards for eligibility for public assistance and *expressly requires* "need." Thus, RCW 74.08.070 and .080 apply only to financial need–based public assistance eligibility decisions.

Eligibility for developmental disability services, on the other hand, is based on

a disability attributable to mental retardation, cerebral palsy, epilepsy, autism, or another neurological or other condition of an individual found by the secretary of the department of social and health services to be closely related to mental retardation or to require treatment similar to that required for mentally retarded individuals, which disability originates before such individual attains age eighteen, which has continued or can be expected to continue indefinitely, and which constitutes a substantial handicap to such individual.

Former RCW 71.20.016 (now codified at RCW 71A.10.020); *see* RCW 71A.16.020. Nowhere is financial need made a factor in determining eligibility for developmental disability services. Although developmentally disabled persons and public assistance recipients both receive "services" from the State, the services are of different kinds and are available under different criteria. The programs are not interrelated.[1]

The hearings that gave rise to Johnstun's appeal were conducted under color of an administrative regulation. Under WAC 275-27-500, DSHS has provided a fair hearings system, which grants applicants or their parents the right to appeal eligibility decisions of the Division. The regulation also declares that such hearings are governed by the administrative procedure act, RCW 34.04,[2] which does not authorize awards of attorney's fees to prevailing parties.

---

[1]The appellant's reply brief at pages 13–16 provides a persuasive analysis of the legislative histories of the two programs. Of course, one could be eligible for both types of services.

[2]Several statutes are cited in WAC 275-27-500 as authority for the hearing process. Although the validity of the regulation is not challenged, we find no statutory authority to invoke a hearing process and require application of the APA, RCW 34.04. There is no right to administrative (APA) review except as provided by statute. *Lumpkin v. Department of Social & Health Servs.*, 20 Wn. App. 406, 410, 581 P.2d 1060 (1978). There was in this case no "contested case" (RCW 34.04.130), a prerequisite to review under the APA. *Lumpkin*, 20 Wn. App. at 414 n.8. Assuming that the trial court had inherent authority to review the administrative decision, *Barrington v. Eastern Wash. Univ.*, 41 Wn. App. 259, 262–63, 703 P.2d 1066, *review denied*, 104 Wn.2d 1019 (1985), the court had no authority to award attorney's fees.

Cases cited by Johnstun in support of his argument are not persuasive because they apply the two statutes to programs authorized under RCW Title 74, not Titles 71 or 72. Johnstun also attaches great significance to RCW 74.08.080's stated policy "to encourage the agency to render careful and correct decisions at the initial stage, under penalty of having to pay the costs of correcting its mistakes when its decisions are overturned on appellate review." *Whitehead*, 92 Wn.2d at 269–70.

However, even if the statute were applicable, this policy was not contravened because the administrative judges never reached the merits of the case. We also take note of the underlying theme of the public assistance laws: relief from financial burdens. Although the hearing and appeal process may impose heavy financial burdens on applicants for developmental disability services, the Legislature has not seen fit to provide such applicants with the right to recover their costs and attorney's fees.[3] Johnstun's argument should be addressed to the Legislature. *See Regnier v. Department of Labor & Indus.*, 110 Wn.2d 60, 64, 65, 749 P.2d 1299 (1988). The trial court had no authority to order the DSHS Division of Developmental Disabilities to pay Johnstun's attorney's fees; accordingly, we reverse.

PETRICH and ALEXANDER, JJ., concur.

---

[3] The Legislature recently clarified its intent by recodifying the various developmental disability statutes under one title, RCW Title 71A (Laws of 1988, ch. 176). The fair hearing process established by WAC 275–27–500 is now authorized by RCW 71A.10.050. The statute also declares that the hearings are governed by the APA.