Froessel, J.
In this article 78 proceeding, petitioners seek to annul the determination of the City Civil Service Commission for the City of New York, which graded Part I of a promotion examination for the position of Assistant Housing *355 Manager in the New York City Housing Authority in accordance with a “conversion formula” which deducted 1.5% for each incorrect answer, and other related relief.
The examination in question was held on April 7, 1956. The notice of examination stated that the written test would be assigned a weight of 40, the oral test a weight of 10, and record and seniority a weight of 50, and that “ Candidates who fail to attain the pass mark which shall be set for any test, subject or part of the examination shall be deemed to have failed the examination and no further test, subject or part of the examination shall be rated” (emphasis supplied).
The written test was divided into two parts, 60 multiple-choice questions, all of equal weight, in Part I, and 4 essay questions, all of equal weight, in Part II. The instructions in the examination booklet apprized the candidates that they were required to achieve a grade of 70% in each of the two parts in order to pass the entire written examination. Subsequent to the written test, the official key answers to Part I were published and 2 questions were deleted. The deletions are not challenged in this proceeding. This had the effect of increasing the percentile value of each question from 1.667% to 1.724%, and 41 correct answers were required to attain a passing mark of 70% or better.
After grading Part I, but before the candidates were identified and their respective grades ascertained, the commission, on August 2, 1956, took a “ raw score ” sampling of the Part I papers and discovered that only 69 candidates, including petitioners, answered 41 or more questions correctly and thus received a passing grade. In addition to those 69,13 candidates had received a raw score of 69% to 69.9% and, to avoid penalizing candidates because 2 questions had been deleted (that is, candidates who might have had 42 out of 60 right and passed, might, after the deletion, have had 40 right and failed), it was decided to grade Part I on the basis of 60 questions and deduct 1.667 % for each wrong answer. Thus 82 candidates passed on the basis of the raw score grading, and petitioners do not challenge the propriety of the rating adjustment to account for the deletion of 2 questions.
The commission determined that Part I had been too difficult and that unless a comparative method of grading was
*356 employed there would ‘ ‘ not be a sufficient number of candidates to meet the needs of the service for the anticipated 4 years statutory life of the list based on the experience of making appointments from prior lists for the position of Assistant Housing Manager.” Consequently, it decided to apply a “ conversion formula ” in rating Part I, in accordance with rule Y (§ Y, subd. 1) of its rules, which provides: “ 1. Except as otherwise specified by the Director of Examinations, each test, subject or part of an examination, shall be rated by not less than two examiners. They shall then affix to each paper or record a rating expressing the average of their judgment attested by their respective signatures or initials. The rating shall be comparative and in accordance with such standards as the needs of the service mag require. Where there is an insufficient number of candidates in open competitive or promotion examinations to provide an adequate eligible list to meet the needs of the service, the Director of Examinations mag, with the approval of the Personnel Director, provide a mathematical formula of penalties for incorrect answers on the basis of test difficulty and other relevant factors in the rating of written tests of the objective type. (Amended 4/24/56).” (Emphasis supplied.)
Although this rule did not become effective as to promotion examinations until more than two weeks after the examination was held (it was previously applicable to open competitive examinations), the commission employed it in rating Part I and deducted only 1.5% for each incorrect answer. By use of this mathematical formula, a candidate with a raw score of 65% achieved a converted final score of 70%, the passing grade initially announced. The passing grade for Part I was thus reduced, in effect, to 65%.
As a result of the employment of the conversion formula, 129 candidates, rather than 82, successfully passed Part I. Of this number 88, including the petitioners, passed the entire examination. Had the conversion formula not been employed, a lesser number of candidates would have passed the entire examination. In consequence, petitioners say they were placed lower on the eligible list, which meant a substantial delay in promotion.
*357 As already noted, the rule authorizing the commission to apply a conversion formula to promotion examinations was not officially promulgated until more than two weeks after the written examination was held. Although adopted by the commission on March 20, 1956, the rule was not approved by the Mayor and the State Civil Service Commission, as required by subdivision 2 of section 11 of the Civil Service Law, until April 24th, and thus had no legal effect prior to the latter date (Matter of Corrigan v. Joseph, 304 N. Y. 172, 185, cert, denied 345 U. S. 924; Matter of Foy v. Schechter, 1 N Y 2d 604, 610-612). The issue before us is whether the commission could validly apply a mathematical formula of penalties to the grading of an examination held prior to the effective date of the rule authorizing the use of such a formula.
The answer is clear. A civil service body may, in accordance with the most modern and scientific methods of rating, adjust the passing mark of an examination provided adequate and informative advance announcement is made. Such body may not, however, lawfully adjust the required passing grade for part of a written examination, unless it notifies the candidates in advance of the examination by duly promulgated rule or otherwise, that such an adjustment may be made, and discloses the method and factors to be used in determining such an adjustment (Matter of Gilburt v. Kroll, 17 Misc 2d 409, affd. 1 A D 2d 819, affd. 2 N Y 2d 896; Matter of Dowling v. Brennan, 284 App. Div. 563; Matter of Robbins v. Schechter, 7 Misc 2d 436, affd. 3 A D 2d 1010, affd. 4 N Y 2d 935).
In the last-cited case, an amendment to rule V (§ V, subd. 1) of the commission’s rules, which authorized it to employ a conversion formula in computing the final grade on promotional examinations, had been promulgated prior to administering the examination. Thus the recital in the examination booklets that 70% was the required passing grade for Part I was subject to the effective rules, already promulgated, bearing on the subject, and the candidates were chargeable with notice that the announced passing grade might be adjusted in accordance with a mathematical formula if it appeared that there was going to be an insufficient number of candidates on the resulting eligible list.
*358 Here, the examination was given prior to the promulgation of said amendment to rule V, and the candidates had no notice, actual or constructive, that Part I might be rated by use of a conversion formula if test difficulty and other relevant factors would result in an inadequate eligible list. Rule V (§ V, subd. 4) of the commission’s rules, relied upon by the majority of the Appellate Division and which provides that “ The required passing rating in any test, subject or part of an examination shall be fixed by the Director of Examinations prior to the disclosure of the identities of the candidates therein ”, does not fulfill the advance notice requirement. The commission here had already fixed the required passing mark, and the candidates had no notice that it might be changed.
The order appealed from, as well as the order of Special Term, should be reversed, with costs, and the matter remitted to Special Term for further proceedings not inconsistent with this opinion.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Voorhis and Burke concur.
Orders reversed, etc.