T. Paul Kane, J.
Petitioners seek to have Civil Service Examination No. 31-6234 (.Senior Employment Interviewer) declared null and void, and to have the Civil Service Department reschedule another examination (CPLR, art. 78).
Petitioners were unsuccessful candidates in the subject examination which was held on December 10, 1966. They protest the examination for the reasons that it violated the intent and spirit of the Civil Service Law and rules in that candidates were advised by an announcement at the end of the examination that the first 30 questions of the test were nonappealable, it called for greater knowledge of the provisions of the Unemployment Insurance Law than the petitioners should have been expected to have, and it was unduly difficult and unfair.
The main substance of petitioners’ argument concerns the action of the Civil Service Commission in making 30 questions of the examination not appealable to the Civil Service Commission. As an affirmative defense to the charge of illegality of making certain questions nonappealable, respondents set forth portions of section 6 of the Civil Service Law and section 55.4 of the Rules and Regulations of the Department of Civil Service. *284 The relevant part of section 6 reads as follows: 1 ‘ The state civil service commission shall * * * 5. Hear and determine
appeals instituted by any person believing himself aggrieved by any action or determination of the president of the commission acting as the head of the department, made under the authority conferred upon such president or department under the provisions of this chapter except article eleven hereof; provided,, however, that no such appeal shall be allowed (a) if the action or determination involved relates solely to matters of internal management of the department, or (b) if the action or determination involved was considered and approved in advance by the commission.”
Section 55.4 (4 NYCRR 55.4) reads in part as follows: “ In cases other than those in which prior approval of the rating key has been granted by the commission or review and .submission of objections have been invited under section 55.3, a committee on appeals shall consider appeals subsequent to the establishment of the eligible list subject to the following terms and conditions ”.
In the present instance the Civil Service Commission gave prior approval of the rating key, thereby coming within the provisions of section 6 of the Civil Service Law and section 55.4 of the regulations.
The essence of petitioners’ argument is that it was illegal for the commission to take away the right to appeal in reference to a portion of the examination.
Section 6 of the Civil Service Law establishes a right to appeal to the commission except as to matters relating to internal management, and those matters which are approved in advance by the commission. The second exception eliminates the right to appeal to the commission if it has, in advance, approved the action or determination involved. It appears clear that the commission acted within the statute and the promulgated rule. While the exception as to advance approval could be conceivably utilized to eliminate all appeals, and thereby contravene the legislative intent, such is not the situation herein. The commission presents a reasonable basis for making the 30 questions involving supervision nonappealable.
Furthermore, the Legislature acted within its power to establish a limited right of review in section 6. As is true with judicial review, an administrative appeal is not an inherent right but rather is of statutory origin. (People ex rel. Schick v. Marvin, 246 App. Div. 71; Matter of New York Cent. R. R. Co. v. Public Serv. Comm., 238 N. Y. 132.) Therefore, an aggrieved party is entitled to such administrative review as provided for by a *285 statute or rules of an agency. (Matter of Lees v. Spaulding, 276 App. Div. 256.)
The remaining objections raised by petitioners regarding the difficulty of the examination, and undue emphasis in certain areas are found to be without substance.
Accordingly, the petition is dismissed.