OPINION OF THE COURT
Irving A. Green, J.
This is a CPLR article 78 proceeding to annul the determination of the respondents denying petitioners the right to review examination questions and appeal the correctness of the proposed answers of the June, 1983 civil service examination for the position of lieutenant in the City of Yonkers Fire Department; and to direct the respondents to permit such review and appeal.
The City of Yonkers has a Municipal Civil Service Commission (Commission). On June 19,1983, an open competitive civil service examination for promotion in the City of Yonkers Fire Department from the position of fire fighter to the position of lieutenant was given.
Pursuant to subdivision 2 of section 23 of the Civil Service Law, the State Civil Service Department (Department), upon request of the Commission, rendered service to *867 the Commission relative to, inter alia, preparation, construction and rating of the examination, and establishment and certification of the eligible list for such position in the classified service under the jurisdiction of such Commission. Such statute expressly provides, in the event such service is rendered by the State Civil Service Department to a municipal commission, as follows: “Only the state civil service department and commission shall have jurisdiction to correct any errors in rating in any examination[s] prepared and rated by such department pursuant to the provisions of this subdivision.” (Civil Service Law, § 23, subd 2.)
Rule XII, section 1, of the Municipal Civil Service Rules for the Classified Service of the City of Yonkers contains the following pertinent provision: “Where the written test is prepared and rated by the State Civil Service Commission in accordance with Section 23, sub-division 2 of the Civil Service Law, the provisions of the rules and regulations of the State Civil Service Commission and Department dealing with the rating of examinations shall apply.”
The public notice of the subject examinations contained, inter alia, the following announcement: “Rating of Examinations: This examination is announced and will be rated in accordance with Section 23-2 of the Civil Service Law. The provisions of the New York State Civil Service Rules and Regulations dealing with the rating and review of examinations will apply.”
The further applicable statutes are subdivision 5 of section 6 of the Civil Service Law, which in pertinent part provides that an appeal by an aggrieved person shall not be heard or determined by the State Civil Service Commission with respect to any authorized action or determination of the president of the Commission if the action or determination involved was considered and approved in advance by the Commission; and sections 55.3 and 55.4 of the Regulations of the New York State Civil Service Commission (4 NYCRR) provide for a pretest review by candidates and the submission of objections to the rating key to be used upon the examinations; and, further provides that where such prior review procedure is employed by the Department, the final rating key, approved by the State *868 Civil Service Commission, shall be applicable to all candidates. Such regulations further provide that no appeals from such an examination may be had except with respect to any errors in the application of such rating key to the applicant’s answer sheet. Although these applicable statutes refer to the State’s agency of civil service, by virtue of rule XII, section 1, of the Municipal Civil Service Rules for the Classified Service of the City of Yonkers, their provisions are made applicable to the Municipal Commissiori.
The pretest review procedure was employed with respect to the subject civil service examination. These petitioners contend that the determination of respondents to deny petitioners the right to review the examination questions and appeal the correctness of the proposed answers for the subject promotional civil service examination is arbitrary and capricious in that, in substance: (a) the respondents had a duty to inform candidates for the examination that they would have no right to review the examination or to appeal to either Commission any objections they may have had with regard to the test; and (b) the public notice that the examination would be conducted in accordance with subdivision 2 of section 23 of the Civil Service Law and that State rules and regulations would apply did not indicate that no review or appeal would be permitted; and (c) the failure of the Yonkers and/or State Civil Service Commission to notify prospective participants that the examination would be prepared by and evaluated under the State Commission rule (which included the prohibition against review and appeal) prior to the actual date of the examination, was contrary to the spirit of the civil service portion of the State Constitution.
An administrative appeal is not an inherent right but is of statutory origin. An aggrieved party is entitled only to such administrative review as provided for by statute or rules of any agency. (Matter of Klein v Civil Serv. Comm., 54 Misc 2d 283.) This court finds that prior reasonable and appropriate notice was afforded the test applicants concerning the limited review and appeal to be available concerning such examination by the aforesaid rule XII, section 1, of the Municipal Civil Service Rules for the Classified Service of the City of Yonkers, together with the *869 aforesaid specific public notice in the test announcement that the rating and review of the examination was subjected to the provisions of subdivision 2 of section 23 of the Civil Service Law which would apply and the notice to candidates upon the face sheet of the test papers, inter alia, that: “Candidates will be permitted to check the accuracy of the application of the scoring key to their papers but may not review the questions or appeal for revision of the answer key. The exemption of these questions from any further review or appeal permits more prompt establishment of lists and earlier appointments.”
While sound public policy is served by requiring a civil service commission to provide as much information in advance concerning the procedure affecting an examination as is consistent with sound and practical administration (Matter of Dowling v Brennan, 284 App Div 563, 566), in this case sufficient notice of the information concerning the subject examination as to which the petitioners’ grievance is presented, the court finds, was given by duly enacted statutes of the State as well as by duly promulgated rules, which have the effect of law. The petitioners’ attention was repeatedly invited thereto. The petitioners were chargeable with notice of the statutes, rules and regulations duly promulgated prior to and in effect on, the date of the subject examination limiting appellate review except with respect to any error in the application of the examination rating key to the applicant’s number sheet. (Matter of Hymes v Schechter, 6 NY2d 352; Matter of Gilburt v Kroll, 17 Misc 2d 409, affd 1 AD2d 819, affd 2 NY2d 896; Matter of Klein v Civil Serv. Comm., supra.)
Accordingly, the petition is dismissed.