[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter involves the appointments of a Fire Chief and two Assistant Fire Chiefs by the Board of Fire Commissioners on December 15, 1998. It is the plaintiffs claim that the individuals named to these positions may not legally hold these offices because of improprieties in the testing and appointment process as conducted by the defendant Board of Fire Commissioners. It is the plaintiffs claim that the testing process undertaken by the Commission was improper and illegal and that the court should order the offices vacated.
The evidence offered by the plaintiffs indicates that the Fire Commissioners seeking to fill the positions of a Fire Chief and two Assistant Fire Chiefs ordered the vacancies be filled by authorizing examinations in order to produce successful candidates for potential appointment to fill the vacancies. The State of Connecticut prepares the exams and the City of Shelton administers the testing process. The rules adopted by the Commission required a passing grade of 70 percent (P. Ex. 10) and the applicants who were interested were required to pass the written test before proceeding to the oral examination. Two or three weeks after the exams were held it was determined that only one candidate had obtained a passing grade (See P. Ex. 13b1) for the positions of Assistant Fire Chief and Fire chief. (The same person had applied for both positions) The Board then decided to waive the 70 percent passing score and proceed to allow all applicants to proceed to the oral examination. (P. Ex. 6) The Board, in effect, had now changed the rules which were established at the outset of the process to fill the vacancies. The subsequent exam resulted in the passing of several individuals who initially failed the exam being appointed to fill the vacancies. Also, the Board had previously established a policy regarding the number of votes required to Lake certain actions as a Board. (P. Ex. 4) That policy required a three-quarter affirmative vote to revise by-laws and make appointments and this procedure was in effect until December 15, 1998 when at the Board meeting the Board voted to eliminate the policy as to the 75 percent affirmative vote and that a simple majority would suffice to make the appointments. (P. Ex. 10) Later in the CT Page 7528 same meeting John Millo was appointed Chief of the Fire Department and Stern, Nesteriak, Kozak, Ibsen and Sabatino were appointed Assistant Chiefs by a simple majority vote in accordance with the new rule.
The defendant claims that the Board had inherent authority to change its rules and policies at any time they so desired and had often done so in the past. The Town Charter only required majority votes and that the Board of Fire Commissioners were accordingly without the authority to require what the defendant referred to as a "super-majority" and so any votes to change policies previously established by the Board were procedurally valid and the appointments made by the Board at its December 15, 1998 meeting were made within the Board's authority.
Mention has been made by the plaintiff that the rules regarding the merit system procedures were not followed by the Board in making these appointments but it is clear that the positions within the Fire Department were not encompassed by the merit system and so lack of compliance is not relevant to the determination of the issues as presented to the court in the instant petition.
The charter of the City of Shelton (P. Ex. 1) provides for a Fire Department under Sec. 6.9.3.1. to be headed by a Board of Fire Commissioners. Powers and duties relating to fire protection and safety are assigned to the Fire Department so it is fair to assume that the Fire Department performs a public responsibility for the benefit of the Town. In the conduct of its affairs it would seem that there is an implied obligation to the community to ensure that its actions are immune from claims of unfairness or bias.
In this case, rules were in place governing appointments and it is presumed that all applicants were familiar with these rules and applied believing that the standing rules would be adhered to in making any appointments thereunder. The Commission being dissatisfied with test results could have voided them, made such rule changes as deemed necessary and then proceeded to take new applications. Had this been done, there could be no perception as to unfairness. However, having decided to proceed under existing rules and subsequently altering them to adjust to circumstances in order to provide a desired result smacks of unfairness as to those initially applying for the positions. See Owens v.New Britain General Hospital, 32 Conn. App. 56. In The Matter of RichardHymes v. Joseph Schechter, et al, 160 N.E.2d 627, 189 N.Y.S.2d 870 with respect only to the propriety of testing in accordance with existing rules. Municipal authorities should administer discretionary powers in a manner which avoids weakening public confidence in government's NortheastElectronics Corp. v. Royal Associates, 184 Conn. 589, 593. CT Page 7529
As the court finds for the plaintiffs on the Fourth Count of their complaint it is unnecessary for the court to consider the merits of the remaining counts.
Judgment may enter in favor of the plaintiffs.
 George W. Ripley II Judge Trial Referee